IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARK G. ANDERSON CONSULTANTS INC.,<br>730 Eleventh Street, N.W.<br>Washington, D.C. 20001<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BROOKSHIRE ENTERPRISES LLC,<br>200 Persimmon Way<br>Forest, VA 24551<br><br>Serve: Mr. Scott M. Wheatley<br>　　　　5900 Centreville Road<br>　　　　Suite 303<br>　　　　Centreville, VA 20121<br><br>　　　　　Defendant. | Case: 1:07-cv-01964<br>Assigned To : Robertson, James<br>Assign. Date : 11/1/2007<br>Description: Contract |

## COMPLAINT

COMES NOW Plaintiff, Mark G. Anderson Consultants, Inc., by counsel, and for its Complaint against Defendant Brookshire Enterprises, LLC. alleges as follows:

### PARTIES

1.　Plaintiff, Mark G. Anderson Consultants, Inc. ("MGAC"), is a corporation organized and existing under the laws of the District of Columbia with its principal place of business in the District of Columbia.

2.　Upon information and belief, Defendant, Brookshire Enterprises LLC ("Brookshire"), is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business in Forest, Virginia.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 as there is complete diversity between the Plaintiff and the Defendant and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), because a substantial part of the events giving rise to the claims herein arose in this judicial district. Additionally, venue is proper in this district pursuant to a valid forum selection clause included in the contract between MGAC and Brookshire, out of which this litigation arises.

## GENERAL ALLEGATIONS

5. MGAC and Brookshire entered into a valid contract, described as a Project Management Services Agreement, (hereinafter the "Contract"), effective June 15, 2007, for the performance of professional services in connection with Brookshire's "construction of the DHS — Clarksville, VA," (hereinafter the "Project").

6. Pursuant to the Contract, MGAC was to perform independent consulting services in connection with the Project for and on behalf of Brookshire in accordance with the terms and conditions of the Contract. The specific services that MGAC was to provide to Brookshire were set forth in the "Description of Services," attached as Exhibit A to the Contract.

7. Pursuant to Article 3 of the Contract, MGAC was to be paid Two Hundred Forty Three Thousand, Seven Hundred and Fifty Dollars ($243,750.00) (the "Fee") on a lump sum basis, as set forth in Exhibit D to the Contract.

8. In addition to the Fee, pursuant to Article 3 of the Contract and Exhibits D and E to the Contract, MGAC is entitled to reimbursement for certain additional expenses incurred by MGAC.

9. Pursuant to Article 3 of the Contract, MGAC was to submit invoices for its Fee to Brookshire twice monthly.

10. Pursuant to Article 3(c) of the Contract, "payments due to MGAC from [Brookshire] for services rendered and costs incurred shall be due and payable within ten (10) working days after receipt by [Brookshire] of invoices therefore."

11. Pursuant to Article 3 of the Contract and Exhibit D to the Contract, Brookshire was required to pay MGAC a retainer upon execution of the Contract in the amount of fifteen percent (15%) of the Fee.

12. Pursuant to Article 6 of the Contract, the term of the Contract was from June 15, 2007 and July 30, 2007.

13. Article 8 (General Provisions), Section (e) (Government Law) of the Contract provides, "[t]his Agreement shall be governed by, construed, and interpreted in accordance with the laws of the District of Columbia. Owner [Brookshire] and MGAC each hereby agrees to submit to the jurisdiction of any court of the District of Columbia and the federal courts located in the District of Columbia, and hereby waives any defense or objection based on improper venue or *forum non conveniens* in any action brought in any such court."

14. Article 8 (General Provisions), Section (l) (Attorneys' Fees) of the Contract provides, "[i]n any action or proceeding involving a dispute relating to this Agreement or its performance that cannot be resolved by the parties' acting in good faith, the judge or arbitrator as

the case may be, may award the reasonable attorneys' fees and costs incurred by the prevailing party in such action or proceeding."

15. MGAC has performed all of the services which it was to provide under the terms of the Contract, including, but not limited to, all of those services identified in Exhibit A to the Contract.

16. As per the terms of the Contract, MGAC has sent twice-monthly invoices to Brookshire requesting payment for services rendered.

17. MGAC has repeatedly contacted Brookshire's Authorized Representative, Mr. O. Courtney Matthews, who is identified in Exhibit C to the Contract as Special Counsel to Brookshire, requesting payment in full for services rendered under the Contract.

18. Brookshire has failed to pay MGAC Two Hundred and Seven Thousand, Three Hundred Eighty Seven Dollars and Fifty Six Cents ($207,387.56) that is due and owing under the terms of the Contract.

19. MGAC has satisfied all conditions precedent to commencing and maintaining the causes of action described herein against Brookshire.

## COUNT I
### (Breach of Contract)

20. MGAC incorporates herein by reference the allegations contained in paragraphs 1 through 19 above.

21. MGAC has performed all of the services required under the terms of the Contract, including, but not limited to, those identified in Exhibit A to the Contract (Program Management Scope of Work).

22. MGAC has performed all of the express and implied obligations its owed to Brookshire under the Contract.

4

23. Pursuant to the provisions of the Contract, Brookshire had certain express and implied obligations to MGAC. Brookshire failed to perform such express and implied obligations and materially breached and violated the provisions of the Contract. Such material breaches and violations by Brookshire include, without limitation, the following:

 (a) Brookshire's failure, without justification, to make payments due and owing to MGAC under the Contract;

 (b) Brookshire's failure, without justification, to make payments to MGAC within ten (10) working days after receipt of invoices from MGAC setting forth amounts due and owing;

24. The acts and omissions of Brookshire described in paragraph 23 constitute material breaches of the Contract.

25. As a direct and proximate result of Brookshire's material breaches of the Contract, MGAC has incurred damages in excess of $75,000, interest, costs, attorneys fees and other related damages.

WHEREFORE, MGAC respectfully requests that the Court grant judgment in favor of MGAC and against Brookshire and issue an Order:

1. awarding MGAC damages in an amount, to be proven at trial, but not less than $207,387.56, plus interest, costs, and other related damages;

2. awarding MGAC its attorneys' fees as contemplated under the Contract; and

3. granting such other relief as the Court deems just and equitable.

Dated: November 1, 2007

                                            Respectfully submitted,

                                            Mark A. Sgarlata (D.C. Bar No. 418557)
                                            WATT, TIEDER, HOFFAR
                                              &amp; FITZGERALD, L.L.P.
                                            8405 Greensboro Drive, Suite 100
                                            McLean, Virginia 22102
                                            (703) 749-1000 (phone)
                                            (703) 893-8039 (facsimile)


                                            *Counsel for Plaintiff*
                                            *Mark G. Anderson Consultants, Inc.*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Mark G. Anderson Consultants, Inc.

## DEFENDANTS
Brookshire Enterprises LLC

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Mark A. Sgarlata
Watt, Tieder, Hoffar & Fitzgerald, LLP
8405 Greensboro Drive, Suite 100
McLean, VA 22102

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01964
Assigned To : Robertson, James
Assign. Date : 11/1/2007
Description: Contract

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ⊙ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Breach of contract action for failure to pay for services rendered under the terms of a contract.   28 USC 1332

| VII. REQUESTED IN COMPLAINT | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 207,387.56<br>JURY DEMAND: | Check YES only if demanded in compl:<br>YES ☐  NO ☒ |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instruction) | YES ☐  NO ☒ | If yes, please complete related case form. |
|---|---|---|---|

DATE 11/01/2007      SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.