IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK G. ANDERSON CONSULTANTS INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:07-cv-01964-jr ) ) |
| BROOKSHIRE ENTERPRISES LLC | ) ) |
| Defendant. | ) ) |

## ANSWER

Defendant BROOKSHIRE ENTERPRISES LLC ("Brookshire" or "Defendant"), by counsel, and for its Answer to the Complaint states as follows:

### FIRST DEFENSE

For its response to each of the paragraphs of the Complaint, Brookshire responds as follows:

1. Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. With regard to paragraph 4, defendant admits only that venue is proper in this Court.

5. Defendant admits only that it entered into an agreement with Mark G. Anderson Consultants Inc. ("MGAC"), effective June 15, 2007. Defendant states that the contract language speaks for itself. Defendant denies all remaining allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. With regard to paragraph 7, defendant admits only that MGAC would provide the services under the agreement for a lump sum fee of $243,750 prorated weekly and billed every two weeks. The contract language speaks for itself. Defendant denies all remaining allegations contained in paragraph 7 of the Complaint.

8. With regard to paragraph 8, defendant admits only that under the agreement MGAC was to be reimbursed certain client authorized expenses. The contract language speaks for itself. Defendant denies all remaining allegations contained in paragraph 8 of the Complaint.

9. With regard to paragraph 9, defendant states that MGAC was to bill for its services every two weeks. Defendant denies all remaining allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint, "[e]xcept to the extent that any amounts are in dispute" as per the contract. The contract language speaks for itself. Defendant denies all remaining allegations contained in paragraph 10 of the Complaint.

11. Defendant admits that it paid MGAC a fifteen (15%) percent retainer upon execution of the agreement, per the contract terms. Defendant denies all remaining allegations contained in paragraph 11 of the Complaint.

12. Defendant admits only that the term of the agreement was from June 15, 2007 through July 30, 2007, subject to other terms of the agreement. The contract language speaks for itself. Defendant denies all remaining allegations contained in paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint, but denies the agreement contains any reference to "Government Law," and denies all remaining allegations contained in paragraph 13 of the Complaint.

14. With regard to paragraph 14, defendant admits only that the agreement contains a discretionary provision regarding attorney's fees. The contract language speaks for itself. Defendant denies all remaining allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. With regard to paragraph 17, defendant admits only that MGAC has contacted defendant, through O. Courtney Matthews, requesting payment. Defendant denies all remaining allegations contained in paragraph 17 of the Complaint.

18. With regard to paragraph 18, defendant admits only that it has not paid $207,387.56 which MGAC claims is due and owing under the agreement. Defendant denies all remaining allegations contained in paragraph 18 of the Complaint.

19. With regard to paragraph 19, defendant is not aware of the "conditions precedent" which MGAC claims is necessary for commencing this action, and therefore is unable to respond to this allegation. Defendant therefore denies this and all remaining allegations contained in paragraph 19 of the Complaint.

20. For its response to paragraph 20, defendant incorporates its responses to paragraphs 1 through 19 above.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies that MGAC has been damaged as alleged in the Complaint and calls upon MGAC for strict proof of each and every item of alleged damage.

27. Defendant denies being indebted to MGAC for the sum alleged in the Complaint or any sum whatsoever.

28. All allegations contained in the Complaint not expressly admitted herein are hereby denied.

## SECOND DEFENSE

The Complaint fails to state a claim against defendant upon which relief can be granted.

## THIRD DEFENSE

The agreement at issue was entered into under a mutual mistake of fact, which bars its enforceability in this action.

## FOURTH DEFENSE

MGAC breached the agreement which is a bar to its recovery in this action.

## FIFTH DEFENSE

MGAC did not perform the services at issue in a competent and thorough manner in accordance with Brookshire's reasonable satisfaction, which is a bar to MGAC's recovery in this action.

## SIXTH DEFENSE

Plaintiff has failed to mitigate its damages.

## SEVENTH DEFENSE

Defendant pleads all affirmative defenses available to it which may be supported by the evidence upon completion of discovery, and reserves the right to plead such additional defenses at that time.

WHEREFORE, Defendant BROOKSHIRE ENTERPRISES LLC prays that judgment be entered in its favor, that the Complaint be dismissed, that it be awarded its fees and costs in this behalf expended, including attorney's fees, and that this Court provide such further relief as it may deem just and proper.

TRIAL BY JURY IS HEREBY DEMANDED.

BROOKSHIRE ENTERPRISES LLC

By        /s/ Thomas R. Bagby        
  Of Counsel

Thomas R. Bagby (D.C. Bar No. 236299)
WOODS ROGERS, PLC
Wachovia Tower, Suite 1400
10 South Jefferson Street
P. O. Box 14125
Roanoke, Virginia 24038-4125
Telephone: (540) 983-7600
Facsimile: (540) 983-7711

    Counsel for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that on November __21st__, 2007, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark A. Sgarlata (D.C. Bar No. 418557)
WATT, TIEDER, HOFFAR & FITZGERALD, LLP
8405 Greensboro Drive, Suite 100
McLean, Virginia  22102
Tel.  (703) 749-1000
Fax   (703) 893-8039

    Counsel for Plaintiff

    _____/s/ Thomas R. Bagby_____